UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Tashawn Louise Foster,

                           Plaintiff,

        v.

Commissioner of Social Security,[1]

                           Defendant.

**Decision and Order**

17-CV-513 HBS
(Consent)

---

## I.    INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 16, 17.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II.    DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work that she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff challenges the ALJ's determination that she has the RFC for sedentary work. Plaintiff argues "that the ALJ's discussion and weighing of the opinion evidence reflects an obvious picking and choosing of evidence in favor of nondisability with a complimentary summary rejection of any evidence supporting a finding of nondisability. This is clear from the ALJ's statements with respect to the opinions of Drs. Miller and Gosy." (Dkt. No. 16-1 at 13.) Plaintiff points to a lack of functional assessments that occurred between August 28, 2013 (the application date) and January 5, 2016 (the date of the ALJ's decision). Plaintiff argues further that "by the ALJ's own acknowledgement, the opinions issued by Drs. Matteliano, Miller, and Gosy, were vague, conclusory, and not expressed in functional terms. These opinions do not provide substantial evidence supporting the ALJ's RFC finding." (*Id.* at 14; *see also* Dkt. No. 18 at 2 ("The only opinions from the relevant opinion were Dr. Gosy's which the ALJ found vague, but which were given 'partial weight' to the extent that they supported the proposition Plaintiff could work. T. 28. However, regardless of the propriety of an ALJ's decision to reject an opinion, it is error to discount every opinion on the record.")). Finally, plaintiff argues that the ALJ failed to develop the record fully. "Rather than deciding the case in the absence of any examining functional opinion relevant to the time period at issue, the ALJ should have developed the record by clarifying the vague opinions in the record, and, as necessary, by obtaining a functional opinion from a treating or consulting examining source which was related to the relevant time period." (Dkt. No. 16-1 at 15–16.) The Commissioner responds that the ALJ evaluated all medical opinions properly, based on consistency with the record as a whole. "Plaintiff mounts a series of arguments about the ALJ's handling of the opinion evidence, but her arguments amount to a request that this Court reweigh the evidence and come to a more favorable conclusion tha[n] the ALJ did (Plaintiff's Brief (Pl.'s Br.) at 12–15). The Court should decline that request and affirm the ALJ's RFC finding." (Dkt. No. 17-1 at 13.)

4

As for any criticism of the sufficiency of the record,

> This is not a case where the absence of a medical source statement made the record incomplete. Plaintiff continued to receive treatment for her pain complaints and Dr. Okazaki's examination showed Plaintiff had positive straight leg raising tests but normal sensation (Tr. 335). Dr. Gosy found Plaintiff had intact sensation to pinprick, normal reflexes, and negative straight leg raising tests (Tr. 313, 316, 319). These findings were longitudinally consistent with findings from before August 2013. For instance, in February 2013, Dr. Liu found Plaintiff had positive straight leg raising tests, equal reflexes, no sensory deficits, and full strength in her upper and lower extremities (Tr. 242). The notes from Drs. Okazaki and Gosy did not demonstrate clinical findings that would support an RFC assessment more restrictive than found by the ALJ. Thus, the ALJ did not have any further obligation to supplement the record by acquiring another medical source statement.

(*Id.* at 16.)

The Commissioner has the better arguments here. Objective clinical findings stand apart from subjective opinions about disability, which are reserved for the Commissioner anyway. *See Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (summary order) (ALJ can discount statements that conflict with treatment notes); *Martinez v. Colvin*, 286 F. Supp. 3d 539, 544 (W.D.N.Y. 2017) ("I believe that the ALJ's analysis of Dr. Smith's opinion was appropriate, as was the ALJ's decision not to give controlling weight to those portions of the opinion that were unsupported by objective clinical findings, and were in conflict with the other medical evidence of record."); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative."). Here, chiropractic records noted that plaintiff had "progressed to the subacute phase" of pain and movement limitations by December 2011. [238–43.] Dr. Fishkin's examination of December 22, 2011 showed that plaintiff was able "to walk with a normal gait." [356.] A consultative examination by Dr. Liu on February 27, 2013 showed that plaintiff performed activities of daily living; full or nearly full range of motion in her musculoskeletal system; and a stable prognosis. [244–46.] The examination included a medical source statement that plaintiff "has mild-to-moderate limitation for prolonged walking, bending, and kneeling." [246.] A workers'

5

compensation examination on January 29, 2013 showed more limitations in range of motion but not to an extent inconsistent with sedentary work. [251.] *See, e.g., Tudor v. Comm'r*, No. 12-CV-2795 SJF, 2013 WL 4500754, at *12 (E.D.N.Y. Aug. 21, 2013) (clinical findings of moderate limitations plus full grip strength provided "an adequate basis for the ALJ to infer that plaintiff is capable of performing the exertional requirements of sedentary work") (citation omitted); *Joseph v. Astrue*, No. 09-CV-4208 CBA, 2011 WL 4628791, at *9 (E.D.N.Y. Sept. 30, 2011) ("As the ALJ explains, examination findings from 2002 were mild to moderate and no new abnormalities were described at subsequent follow up visits through 2006."). Examinations by Dr. Matteliano in 2013 had the same result: measurable but not inconsistent limitations in range of motion. [261–72.] Dr. Gosy's examination of September 30, 2015 showed "[n]o apparent pain behaviors," mildly tender lumbar musculature, and full strength in the extremities. [317.] Under these circumstances, regardless of what the Court might have determined working from scratch, substantial evidence supports the ALJ's determination that plaintiff could perform sedentary work.

### III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence. For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 17) and denies plaintiff's cross-motion (Dkt. No. 16).

The Clerk of the Court is directed to close the case.

SO ORDERED.

　　　　　　　　　　　　　　　　　　__/s Hugh B. Scott_____
　　　　　　　　　　　　　　　　　　Hon. Hugh B. Scott
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED: May 2, 2019